UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  1:11-mc-23891

In re SSC Group, LLC

_____/

**PETITION FOR ORDER
TO PERPETUATE TESTIMONY BY DEPOSITION
BEFORE ACTION**

Petitioner, SSC Group, LLC, submits this Petition under Rule 27(a) of the Federal Rules of Civil Procedure to perpetuate testimony by deposition and states:

1. Petitioner expects to be a plaintiff in an action in this court.

2. The subject matter of the expected action is copyright infringement.  Over the course of seven days, from May 19, 2011, to May 26, 2011, a large group of unidentified individuals acted in a collective and interdependent manner to unlawfully reproduce and distribute, using BitTorrent file transfer protocol, digital copies of an audiovisual work protected by copyrights owned by Petitioner.  *See* Declaration of Jason A. Fischer in Support of Petition for Order to Perpetuate Testimony by Deposition Before Action ("Fischer Decl."), submitted herewith as Exhibit A, ¶ 22.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of the infringers are unknown to Petitioner.  *See* Fisher Decl. ¶ 26.  Each infringer is known to Petitioner, however, by the Internet Protocol ("IP") address assigned to the internet service account used by the infringer on the date and at the time at which the infringing activity of each was observed.  *See* Fisher Decl. ¶ 24.  The IP address used by each infringer thus far identified, together with the date and time at which his or her infringing activity was observed, is listed in Exhibit B submitted herewith.

4. Residential internet service accounts, such as the ones utilized by this group of infringers, are provided by an Internet Service Provider ("ISP"), which keeps records concerning the identity its account holders and the IP addresses assigned to each of them. *See* Fisher Decl. ¶ 25. Petitioner is able, using publicly available resources, to determine the ISP and geographic location of each infringer based upon his or her IP address. *See* Fisher Decl. ¶ 26. In the large group of infringers sharing digital copies of Petitioner's copyrighted work, Petitioner has identified seven individuals ("John Does 1-7") who are located in Florida, based upon their IP addresses. *See* Fisher Decl. ¶ 22.

5. Petitioner has an interest in the subject matter of the expected action. Petitioner is the owner of the copyright to a motion picture, "Isis Gets Slam Dunked" (hereinafter, the "Motion Picture"). *See* Fisher Decl. ¶ 6. A true and correct copy of the application for registration of the copyright subsisting in the Motion Picture, which has been filed with the United States Copyright Office, is submitted herewith as Exhibit C, and Petitioner expects that a Certificate of Registration therefrom will issue in due course.

6. Petitioner intends to seek redress for the rampant infringement of its exclusive rights in the Motion Picture and injunctive relief to stop John Does 1-7 from continuing to infringe upon Plaintiff's copyrighted works.

7. Petitioner is presently unable to bring this action or cause it to be brought because the identities of John Does 1-7 are unknown to Petitioner. Further, Petitioner may not bring its action for infringement of copyrights until after the Certificate of Registration therefor has been issued by the U.S. Copyright Office. *See MGB Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89 (11th Cir. 1990).

8. Petitioner expects that John Does 1-7 will be adverse parties to this action. Given that the identities of John Does 1-7 are currently unknown, Petitioner is unable to affect formal service of this petition on such adverse parties. The ISPs providing service for the accounts used by John Does 1-7, however, are able to deliver this petition to the address used for billing the account holders therefor. *See* Fisher Decl. ¶ 25. Accordingly, Petitioner has, contemporaneously with the filing of this petition, submitted a motion seeking an Order permitting service upon such ISPs of this petition, along with notice of the associated hearing, and directing said ISPs to deliver the same to John Does 1-7.

9. Petitioner desires to perpetuate the testimony of internet service providers Comcast Cable Comms., LLC, Bright House Networks, LLC (d/b/a Road Runner), and Verizon Online, LLC (collectively, the "Affected ISPs"). Based on the IP addresses used by John Does 1-7, the Affected ISPs provided internet service to the accounts observed infringing Petitioner's copyrighted work. *See* Fisher Decl. ¶ 26. Accordingly, the Affected ISPs are able to testify as to the personally identifying information associated with the internet service accounts used by John Does 1-7. In most cases, the account holder will be the proper defendant in Petitioner's planned lawsuit. However, further investigation may be necessary in some circumstances in order to be certain of the identity of the proper defendant.

10. Petitioner expects to obtain testimony from the Affected ISPs concerning the personally identifying information for each of its internet service subscribers whose accounts were used to infringe upon Petitioner's copyrights.

11. Petitioner needs to perpetuate this testimony because it is evanescent in nature. ISPs regularly purge their records pertaining to which IP address was assigned to a particular

account holder on a particular date. In most cases, the information is irretrievably lost after six months. *See* Fisher Decl. ¶ 28. Accordingly, Petitioner must perpetuate the testimony of the Affected ISPs, who would otherwise destroy the relevant records, eliminating any possibility of a legal remedy for Petitioner.

12. Since 47 U.S.C. § 551 (the "Cable Privacy Act") prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since the Affected ISPs are also cable operators, Petitioner requests that the Court's Order in this matter state clearly that the Court has contemplated the Cable Privacy Act, and that the Order specifically complies with the Act's requirements. *See* 47 U.S.C. § 551.

13. Under the Cable Privacy Act, disclosure of information pertaining to the internet service accounts used by John Does 1-7, permitting Petitioner to pursue its legal remedy against them, is allowed in response to a court order, as long sufficient notice is given to John Does 1-7 by the Affected ISPs. *Id.* § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . .").

14. Once John Does 1-7 receive notice of this petition, or this Court's Order permitting deposition before action, they may come forward in the period prior to the Affected ISPs' disclosure to Petitioner of their personally identifying information and oppose such disclosure upon legitimate grounds, e.g., through a motion for protective order. In the event that no action is taken by John Does 1-7, however, the Affected ISPs should provide Petitioner,

through deposition by written questions, with the requested information so that Petitioner may proceed with its action.

15.     Petitioner plans to establish by proposed testimony the identities of John Does 1-7, either directly, in cases where the subscriber is the party responsible for infringing Petitioner's copyrights, or through further investigation by contacting the affected internet subscriber.

WHEREFORE, Petitioner will move this Court at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida, on the 5th day of December, 2011, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard, for an Order authorizing Petitioner to take the deposition by written interrogatories of internet service providers Comcast Cable Comms., LLC, Bright House Networks, LLC (d/b/a Road Runner), and Verizon Online, LLC, for the purpose of perpetuating the proposed deponents' testimony.

Dated:  October 27, 2011

Respectfully submitted,

RANDAZZA LEGAL GROUP

2 South Biscayne Blvd, Suite 2600
Miami, Florida 33131-1815
Telephone:  (305) 479-2491
Facsimile:  (305) 397-2772

  *s/Jason A. Fischer*
Marc J. Randazza (625566)
mjr@randazza.com
Jason A. Fischer (68762)
jaf@randazza.com

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October, 2011, a true and correct copy of the foregoing has been delivered to a process server for personal service upon the registered agent of each of the Affected ISPs appearing in the Service List below.

      *s/Jason A. Fischer*

## SERVICE LIST

Comcast Cable Comms., LLC
c/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Bright House Networks, LLC (d/b/a Road Runner)
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

Verizon Online, LLC
c/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324